REDMANN, Judge.
After agreeing to sell their home by allowing the purchasers to assume the existing mortgage, defendant vendors refused to sign the notarial act of sale with assumption which the mortgagee’s notary prepared and which recited that vendors (as well as purchasers) agreed that the mortgage interest rate should be increased by one half percent. The purchasers and their real estate agent and the vendors’ real estate agent now appeal from the dismissal of their demands against the vendors. We affirm.
Appellants argue that defendants merely use the interest rate increase as an excuse for breaching the contract, and that the lender would have agreed to not hold the vendors liable for the extra half percent interest in the unlikely event of vendors’ being called upon because of a default by purchasers. But appellants do not show that the lender offered for signing an act of sale which did not place upon the vendors the extra interest obligation. If it be true that that obligation was not the real cause of vendors’ refusal to sign, the legal issue is unchanged: Do prospective vendors breach their obligation to sell property with an assumption of mortgage by refusing to sign a notarial act which not only retains vendors’ liability on the mortgage but increases it by raising the interest rate? The answer is no. Vendors are not obliged to undertake any other obligation, howsoever contingent and remote, as part of their performance of an agreement to sell with assumption of existing mortgage. Neither purchasers nor lender can exact from vendors any performance beyond that promised by the buy-sell agreement.
Affirmed.